UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMENEGILDO ("JAY") MARTINEZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>THE WELK GROUP, Inc.; WELK RESORT GROUP Inc.; WELK MUSIC GROUP, Inc.; SOLEIL COMMUNICATIONS, Inc.; and DOES 1 through 25,<br><br>　　　　　　Defendants. | CASE NO. 09-CV-2883 - AJB (WMc)<br><br>ORDER:<br><br>(1) GRANTING DEFENDANTS' MOTION TO STRIKE [Doc. No. 60]; and<br><br>(2) DENYING DEFENDANTS' MOTION TO DISMISS [Doc. No. 61]. |

Currently before the Court are Defendants, The Welk Group, Inc., Welk Resort Group, Inc. ("Welk Resort Defendants"), Welk Music Group, Inc., and Soleil Communications, Inc. ("Welk Group Defendants") (collectively "Defendants") Motion to Dismiss and Motion to Strike. Both motions have been fully briefed by the parties. After a careful consideration of the pleadings presented and for the reasons set forth below, the Court **DENIES** Defendants' motion to dismiss and **GRANTS** Defendants' motion to strike.

## BACKGROUND

**I.　Factual Background**

Plaintiff Hermenegildo Martinez ("Plaintiff") brings this putative class action on behalf of himself and all persons who entered into a purchase and sale agreement and purchased timeshare

1

ownership points for use at the Welk Resort San Diego property. [Doc. No. 58 at 3]. Defendants have been active in the vacation resort ownership business since 1984, and have resorts in Maui, Hawaii; Palm Desert; Branson, Missouri; Cabo San Lucas, and a "flagship property" at the Welk Resort San Diego [Doc. No. 58 at 9]. The Welk Resort San Diego is located in north San Diego county, and comprises three timeshare resorts totaling 654 units. In April 2007, Plaintiff entered into an agreement to purchase 120,000 timeshare ownership points in the "Welk Resorts Platinum Program." [Doc. No. 58, Ex. A at 24.] This purchase provided Plaintiff with "the right to use and occupy an individual dwelling unit in any of the Resort Accommodations within the Program . . ." [Doc. No. 58, Ex. A at 24]. In April 2009, Plaintiff "upgraded" his ownership interest to 240,000 points. [Doc. No. 58, Ex. B at 54] These two purchases, as exemplified in the Purchase and Sales Agreements, constitute the entirety of Plaintiff's timeshare ownership [Doc. No. 58, Ex. A at 31; Ex. B at 61].

## II.     Procedural Background

This case was originally before United States District Judge Michael M. Anello, and was transferred to United State District Judge Anthony J. Battaglia on March 14, 2011 [Doc. No. 65]. As such, this Court will provide a detailed account of the procedural background of the case, including prior motions submitted by the parties' and Judge Anello's corresponding order.

On September 17, 2010, Plaintiff filed the Third Amended Complaint ("TAC"), in which Plaintiff alleged timeshare units owned and operated by the Defendants developed substantial water leaks; causing mold, mildew, and fungus to grow within the units. [Doc. No. 39 at 6.] Plaintiff further alleged that because Defendants knew of, or was able to ascertain that the water leaks had caused mold, mildew, and fungus to grow within timeshare units, Defendants were liable for failing to investigate and resolve the issue. Specifically, Plaintiff alleged six causes of action in the TAC: (1) breach of contract; (2) breach of fiduciary duty; (3) negligence; (4) private nuisance; (5) unfair competition in violation of CAL. BUS. & PROF. CODE §17200 *et seq*.; and (6) breach of implied warranty of habitability. [Doc. No. 39 at 7.]

On October 1, 2010, Defendants filed a motion to dismiss Plaintiff's TAC pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to require Plaintiff to provide a more definite statement under Rule 12(e). [Doc. No. 42.] Defendants also filed a motion to strike portions of

Plaintiff's TAC pursuant to Rule 12(f), and requested the Court take judicial notice of certain documents in support of their motions [Doc. No. 47]. After taking the matter under submission without oral argument, Judge Anello dismissed the breach of contract and breach of fiduciary duty claims as to the Welk Group Defendants, but declined to dismiss either claim as to the Welk Resort Defendants. The Court further declined to dismiss any of the remaining claims as to any of the Defendants. [Doc. No. 57 at 6-12]. However, the Court granted the Defendants motion for a more definite statement, finding it appropriate for the Plaintiff to re-plead his references to the ownership of timeshare units, to specify a particular location, to provide additional details regarding his ownership interest, to provide a complete description of the nature of his property interest, to specify the documents that comprised the "Purchase and Sales Agreement," and to indicate the pages numbers on the 2007 Agreement and 2009 Agreement that comprised the entirety of the Purchase and Sales Agreement. [Doc. No. 57 at 12-13].

In the Judge Anello's January 11, 2011 order, the Court also denied Defendants' motion to strike Plaintiff's references to unit ownership, Plaintiff's statements characterizing his ownership interest, Plaintiff's statements referring to the duty arising under the 2007 disclosure, Plaintiff's allegations that Defendants violated disclosure requirements applicable to brokers or seller of real property interests, and Plaintiff's claim for breach of implied warranty of habitability [Doc. No. 57 at 13-19]. However, the Court did grant Defendants' motion to strike, without leave to amend, any references by the Plaintiff to the Toxic Mold Protection Act [Doc. No. 57 at 16].[1]

In accordance with Judge Anello's order granting in part and denying in part Defendants' motion to dismiss, and Defendants' motion to strike portions of Plaintiff's TAC [Doc. No. 57], Plaintiff filed a Fourth Amended Complaint ("4AC") on February 1, 2011 [Doc. No. 58]. In the 4AC, Plaintiff refined the class definition to include "all natural persons in the United States who had maintained an ownership interest in timeshare points for use at the Welk Resort San Diego . . ." [Doc. No. 58.] This class definition differed from the class definition stated in the TAC, only in that "an ownership interest in a time share unit" [Doc. No. 39] was changed to an "ownership interest in time share points" [Doc. No. 58]. In addition to refining the class definition, Plaintiff made several other minor changes. These

---

[1] The Court also granted Defendants' request for judicial notice on Exhibit A and B, and denied Defendants' request for judicial notice on Exhibit C. [Doc. No. 57 at 4-5.]

included, but were not limited to, changing "time share unit" [Doc. No. 39 at 12: 27-28] to "time share ownership points" [Doc. No. 58 at 13:13-14], changing "market and sell time share units" [Doc. No. 39 at 12: 7-8] to "market and sell time share ownership points" [Doc. No. 58 at 12: 20-21], and changing "inquiries by time share owners" [Doc. 39 at 16: 10-11] to "inquiries by time share point owners" [Doc. No. 58 at 16: 26-27]. These change were all made in response to the Judge Anello's January 11, 2011 order, which required the Plaintiff to provide additional detail, and a description of the nature of his property interest [Doc. No. 57 at 12].

On February 15, 2011, Defendants moved to dismiss and strike portions of Plaintiffs 4AC pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f). [ Doc. Nos. 60, 61.] Plaintiff filed an opposition [Doc. Nos. 62. 63], to which Defendants replied [Doc. Nos. 66, 67]. The Court found the matters suitable for resolution without oral argument, and took the matters under submission pursuant to Civil Local Rule 7.1(d.1).

## DISCUSSION

### I. Motion to Strike

#### A. Legal Standard

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Immaterial" matter is that which has "'no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). "Impertinent" matter consists of statements that "'do not pertain, and are not necessary, to the issues in question.'" *Id*. (citation omitted). In ruling upon a motion to strike, just as with a motion to dismiss, the court must view the pleadings in a light most favorable to the nonmoving party. *In re 2TheMart.com, Inc. Sec. Litig*., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (citation omitted). However, courts often view motions to strike with disfavor, and therefore will not grant a motion to strike "unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt,*

*Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). The court should deny the motion to strike if "there is *any doubt* as to whether the allegations might be an issue in the action." *In re 2TheMart.com*, 114 F. Supp. 2d at 965 (citing *Fantasy*, 984 F.2d at 1527) (emphasis in original).

### B. Analysis

Defendants seeks to strike paragraph 61 of Plaintiff's 4AC referring to the "disgorgement of all profits Defendants earned because of their unlawful, unfair and fraudulent practices," paragraph 4(a) regarding Plaintiff's prayer for disgorgement, and paragraph 55(e) regarding Plaintiff's reference to California Civil Code § 1929. [Doc. No. 60 at 2.]

#### 1. Disgorgement of Profits Under the UCL

Defendant first moves the Court to strike Plaintiff's request for "disgorgement of all profits Defendants earned because of their. . . practices. . ." in connection with the UCL claim. [Doc. No. 58 at 18.] As Defendant correctly argues, Section 17200 of the California Business and Professions Code limits the plaintiff's remedies to restitution and injunctive relief. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) ("While the scope of conduct covered by the UCL is broad, its remedies are limited. A UCL action is equitable in nature; damages cannot be recovered." (internal citations omitted)); *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 179 (1999) ("Prevailing plaintiffs [under the UCL] are generally limited to injunctive relief and restitution. Plaintiffs may not receive damages, much less treble damages, or attorney fees." (internal citations omitted)).

Although the Plaintiff contends disgorgement of profits is within the broad equitable powers of the Court, "a court cannot, under the equitable powers of section 17203, award whatever form of monetary relief it believes might deter unfair practices." *Korea Supply Co.*, 29 Cal. 4th at 1148. Thus, "[w]hile prior cases discussing the UCL may have characterized some of the relief available as disgorgement," this was in reference to the "restitutionary form of disgorgement, and not to the nonrestitutionary type sought here by plaintiff." *Cortez v. Purolator Air Filtration Products Co.* 23 Cal. 4th 163, 176 (2000). Accordingly, the Court **GRANTS** the motion to strike in this regard and

**STRIKES WITHOUT PREJUDICE** the following portions of the Complaint as they relate to the UCL claim:

61. Including disgorgement of all profits DEFENDANTS earned
4. And/or disgorgement of all revenues**.**

### 2. California Civil Code § 1929

As Plaintiff does not oppose Defendants' motion to strike any reference to California Civil Code Section 1929, the Court **GRANTS** the motion and **STRIKES WITH PREJUDICE** the following portions of the Complaint as it relates to the Section 1929:

55(e). CAL. CIV. CODE § 1929 (Failure to repair all deteriorations or injuries and failure to use ordinary care for the preservation in safety and good condition of the resort).

## II. Motion to Dismiss

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6), tests the legal sufficiency of the pleadings, and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal*., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1929. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted).

1  //
2  //

### B. Analysis

Defendants move to dismiss the fourth, fifth, and sixth claims in Plaintiff's 4AC for private nuisance, unfair competition in violation of BUS. & PROFS. CODE § 17200 *et seq*, and breach of the implied warranty of habitability. The Court addresses each in turn.

#### 1. Private Nuisance

Plaintiff's fourth cause of action alleges that Defendants failure to properly correct dangerous conditions and damages affecting timeshare dwellings "unreasonabl[y] interfer[ed] with [sic] their peaceful and quiet enjoyment of their time share ownership points," and thus created a "nuisance within the meaning of CAL. CIV. CODE § 3479." [Doc. No. 58 at 15.] Defendants move to dismiss this cause of action, arguing that "private nuisance claims are founded on an interest in real property," and Plaintiff cannot state a claim for private nuisance because Plaintiff's ownership interest in timeshare points is not an interest in real property. [Doc. No. 61 at 4.] Therefore, Defendants contend that because Plaintiff clarified in the 4AC that he only owns an interest in "time ownership points," Plaintiff disavowed any claim that he owns an interest in real property. [Doc. No. 61 at 4–5.]

Under California Civil Code Sections 3479–81, a private nuisance is the interference with or the invasion of the use and enjoyment of the life or property of another. In order for the interference to be actionable, the interference must be both substantial and unreasonable. *See Fashion 21 v. Coalition for Humane Immigrant Rights of Los Angeles*, 117 Cal. App. 4th 1138, 1154 (2004). To demonstrate the interference was substantial, the plaintiff must provide evidence he or she suffered "substantial actual damage." *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. App. 4th 893, 938 (1996). The invasion is unreasonable if the "gravity of the harm outweighs the social utility of the defendant's conduct." *Id.* Whether or not the defendant's conduct was reasonable is a question of fact. *See id.* In distinction to trespass, liability for nuisance does not require proof of damage to the plaintiff's property; proof of interference with the plaintiff's use and enjoyment of that property is sufficient. *See Dauberman v. Grant*, 198 Cal. 586 (1926).

California law requires a disturbance of rights in land before a plaintiff may maintain a cause of action for private nuisance. *See Birke v. Oakwood Worldwide*, 169 Cal. App. 4th 1540, 1549 (2009); *Venuto v. Owen-Corning Fiberglass Corp.*, 22 Cal.App.3d 116 (1971). However, membership interests, which entitle members to the use of timeshare units, "constitute an interest in real property" as they are in the nature of a lease. *See Cal-Am Corp. v. Dept. of Real Estate*, 104 Cal. App. 3d 453, 457 (1980). Thus, even though sellers of timeshare membership interests retain the exclusive right to specify which units would be occupied, the purchasers of membership interests still retain exclusive possessory interests during their annual periods. *See Modern Realty of Missouri, Inc. v. Shivers & Assoc., Inc.*, 705 F.Supp. 556, 559 (S.D. Fla. 1989).

In light of the Judge Anello's previous order denying Defendant's motion to dismiss Plaintiff's fourth cause of action for private nuisance [Doc. No. 57 at 11], and the fact that Plaintiff did not solely allege a personal property interest consisting only of points in the 4AC [Doc. No. 58 at 7; Doc. No. 62 at 6–7], as Defendant contends [Doc. No. 61 at 5], the 4AC still alleges enough facts to survive a motion to dismiss. Here, Plaintiff has alleged he has a property interest in the form of a lease, and that the property interest has been substantially and unreasonably interfered with because of the Defendants failure to take reasonable steps to correct damages caused by water leaks and water intrusion. Moreover, even though Plaintiff clarified in the 4AC that Plaintiff purchased an "ownership interest in time share points" and not "an ownership interest in a time share unit," as stated in the TAC, this does not give rise to an unambiguous inference disavowing a property interest on behalf of the Plaintiff.[2]

Thus, Defendant's renewed motion to dismiss Plaintiff's fourth cause of action for private nuisance is unfounded, and resembles a motion to reconsider, not a motion to dismiss. Therefore, because Plaintiff has sufficiently plead a "property interest in the form of a lease," [Doc. No. 62 at 7], the Court **DENIES** the Defendant's motion to dismiss Plaintiff's fourth cause of action for private nuisance.

---

[2] As stated in Judge Anello's January 11, 2011 order, the Purchase and Sales agreement is not clear as to whether the contact created a property interest. Moreover, as the Court denied Defendant's request for judicial notice on Exhibit C, the "Public Report" issued by the Department of Real Estate regarding the Welk Resort Platinum Program, to resolve the instant property dispute at this stage would be improper. *See* Monaco v. Bear Stearns Residential Mort. Corp., 554 F. Supp. 2d 1034, 1034 (C.D. Cal. 2008)

### 2. Violation of California Unfair Competition Law § 17200, *et seq*.

Plaintiff's fifth cause of action alleges Defendant violated California's Unfair Competition Law Section 17200 ("UCL") by "engaging in unlawful, unfair, and/or fraudulent business practices." [Doc. No. 58 at 16.] Defendants move to dismiss Plaintiff's fifth cause of action, alleging Plaintiff has failed to plead standing as required by the UCL, and has failed to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[3] Plaintiff, however, contends the UCL claim does not need to be plead with particularity, stating that the UCL claim meets the "likely to deceive standard," is not based on fraud but based on contract, and even if the claim needs to be plead with particularity, Plaintiff has properly done so.[4] [Doc. No. 62 at 8–13.]

Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition: (1) *unlawful* acts or practices, (2) *unfair* acts or practices, and (3) *fraudulent* acts or practices. *Cel-Tech*, 20 Cal. 4th at 180. Here, Plaintiff's fifth cause of action alleges that Defendant violated all three subparts of the unfair competition law.

#### a. Standing

Defendant first argues that Plaintiff lacks the standing under the UCL required for a private plaintiff to bring suit under Section 17200. *See Californians for Disability Rts. v. Mervyn's, LLC*, 39 Cal. 4th 223, 232–33 (2006). A private person has standing to assert a UCL claim only if he or she (1) "has suffered injury in fact" and (2) "has lost money or property as a result of the unfair competition." CAL. BUS. & PROF. CODE § 17204. Following Proposition 64, the UCL now "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009). Reliance is proved by showing that the defendant's

---

[3] Defendants contend that because "Plaintiff's fraud and non-disclosure allegations form the sole basis for his claim that Defendants' alleged conduct was unlawful and unfair, they too must be dismissed for lacking specificity under Rule 9(b)." [Doc. No. 61 at 9.] Thus, Defendants contend all Plaintiff's claims under all three prong of the UCL should be dismissed for failure to plead with specificity under Rule 9(b).

[4] Plaintiffs also assert that at this stage, it is "Defendants that would know the names and particulars of the individuals that maintained, repaired and examined the units." [Doc. No. 62 at 13: 7–8.]

"misrepresentation or nondisclosure was an 'immediate cause' of the plaintiff's injury-producing conduct." *See id* (internal citations omitted). However, a plaintiff need not demonstrate that the defendant's alleged misrepresentation or omission was the sole cause of his actions; "[i]t is enough that the representation has played a substantial part . . . in influencing his decision." *See* id. at 327. Finally, reliance will be presumed if the alleged misrepresentation or omission is judged to be "material," such that "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action." *See id* (internal citations omitted).

In the present case, accepting Plaintiff's allegations as true, he has adequately pled that he suffered an injury as a result of Defendants alleged omissions relating to the condition of timeshare dwellings within Welk Resort San Diego. Plaintiff asserts that had the Defendants honestly disclosed the condition of the timeshare units, Plaintiff would have had the opportunity to freely choose a different timeshare vacation program. [Doc. No. 58 at 17.] Further, as the Plaintiff alleges that Defendants failure to disclose that the Welk Resort San Diego suffered from "dangerous leaks, water intrusion, mold, mildew and/or fungus" were material misrepresentations, the Court finds the Plaintiff has sufficiently raised an inference of reliance. [Doc. No. 58 at 16.] Thus, as required under Proposition 64, Plaintiff has properly pled that he suffered an injury as result of Defendants alleged material omissions and has sufficiently pled standing under the UCL.

### b.     Fraudulent Practices and Rule 9(b)

Under the fraudulent prong of the UCL, Defendants contend Plaintiff's allegations fail to meet the heightened pleading standard required under Rule 9(b) of the Federal Rules of Civil Procedure. [Doc. No. 66 at 6.] Specially, Defendants contend that Plaintiff has failed to articulate "what defects are at issue, which 'time share dwellings' are affected by the alleged defects and which, if any, of the Welk Defendants had knowledge of the facts of which Plaintiff complains." [Doc. No. 66 at 6.] Therefore, Defendants contend Plaintiff has failed to articulate the who what, when, where, and how of the alleged misconduct. [Doc. No. 61 at 8.][5]

---

[5] Plaintiff contends that to state a cause of action under the fraudulent prong of the UCL, a Plaintiff need only show that "members of the public are likely to be deceived." The Court disagrees, and finds that the Plaintiff must plead a claim for fraudulent behavior under the UCL with particularity as required by Rule 9(b). *See* Kearns v. Ford Motor Co., 567 F.3d 1120, 1124–26 (9th Cir. 2009). However, the Plaintiff further contends that even if the UCL claims had to be plead with particularity they were pled with the required level of specificity under Rule 9(b). [Doc. No. 62 at 11.]

To prove fraud under California law, the plaintiff must demonstrate: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity or scienter; (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanete Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997) (citation and internal quotation marks omitted). To establish "fraudulent acts" under the UCL, a plaintiff must demonstrate that reasonable "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Sybersound Records Inc., v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008); *accord South Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 888 (1999).

Moreover, under Rule 9(b) of the Federal Rules of Civil Procedure, allegations of fraud or mistake must be stated "with particularity."[6] This particularity requirement applies equally to claims of affirmative misrepresentations and claims alleging nondisclosure. *See Engalla*, 15 Cal.4th at 974. Within the Ninth Circuit, this rule "has been interpreted to mean the pleader must state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*, 661 F.3d 1097, 1106 (9t Cir. 1981) (citations omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (finding that "averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged").

Under the "fraudulent practices" prong of the UCL, Plaintiff has sufficiently plead enough facts to state a claim for relief. Specifically, Plaintiff has alleged that Defendants had knowledge of the presence of dangerous leaks and conditions and failed to adequately resolve these issues by "failing to cure defects. . . failing to properly investigate, decontaminate and abate time share dwellings after being notified of mold or odor/problems . . .placing owners in time share dwellings known to have mold. . . ignoring recommendations by engineers/maintenance department regarding uninhabitable units and charging annual maintenance fee assessments paid by Plaintiff and Plaintiff Class for repairs that were

---

[6] Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985)) (internal quotations omitted, brackets in original).

not actually performed."[7] [Doc. No. 58 at 10–11.]  Moreover, Plaintiff asserts that Defendants failed to inform owners of these problems by "suppressing the fact that testing at the Welk Resort San Diego revealed extensive mold infestation. . .suppressing the fact that fungal contamination included dangerous fungi, and suppressing the fact that Defendants were repeatedly made aware of and had known of recurring plumbing problems and mold growth both inside and outside the time share dwellings, throughout the Welk Resort San Diego." [Doc. No. 58 at 11.]  Therefore, Plaintiffs have sufficiently plead the who, what, when, where and how relating to the omissions in question.  Accordingly, the Court **DENIES DEFENDANTS'** motion to dismiss the claims under the fraudulent prong of the UCL.

### c. Unlawful Business Practices

Defendants further contend that because Plaintiff's fraud and non-disclosure allegations form the sole basis for his claim that Defendants' alleged conduct was unlawful, Plaintiffs allegations under the unlawful prong of the UCL must also be plead with particularity, of which Plaintiff has failed to do. [Doc. No. 61 at 9.]  Plaintiff, however, contends that the claims under the unlawful prong of the UCL do not need to be plead with particularity, and even if they do, Plaintiff has sufficiently done so.[8]

By proscribing "any unlawful" business practice, Section 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.  CAL. BUS. PROF. CODE § 17204.  Thus "violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp.2d 1090, 1098 (N.D. Cal. 2008) (citing Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838–39 (1994)).  Moreover, even though the "Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule," it applies equally to state law "claims for violations

---

[7] Although Defendants contend Plaintiffs have failed to state a claim for fraud with particularity because Plaintiff has not identified which timeshare dwellings were affected, and which if any Welk Defendants had knowledge of the alleged omissions, the Court is unpersuaded, and finds the facts pled by Plaintiff satisfy the purposes of Rule 9(b). [Doc. No. 66 at 6.]

[8] Plaintiff further contends that the Court already evaluated Plaintiff's unlawful UCL claims in its previous order, and only dismissed as to the Toxic Mold Protection Act. [Doc. No. 62 at 8.] However, the Court finds this argument unpersuasive, because the Defendant only moved to strike reference to the Toxic Mold Act and Judge Anello's order specifically stated that "Plaintiff's allegation are sufficient without reference to the Toxic Mold Protection Act because any finding of unfairness could be tethered to the alleged statutory violations . . . and the California Civil Code sections Defendants did not move to strike." [Doc. No. 57 at 18.]

of the UCL." *Kearns v. Ford*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess*, 317 F.3d at 1103). Thus, while fraud is not a necessary element of a claim under the UCL, a "plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct" and therefore be required to satisfy the heightened pleading standards under Rule 9(b). *See Kearns*, 567 F.3d at 1125.

Here, Plaintiff alleges that Defendants' actions were unlawful because they violated Sections 2079, 1102.6, 11710, and 1929[9] of the California Civil Code. [Doc. No. 58 at 17.] First, Plaintiff's alleged violations under Section 2079 can not be sustained at this time, as there are no allegations in the 4AC that the Defendants are real estate brokers or salespersons, such that they would be subject to the provisions of Section 2079. *See* CAL. CIV. CODE § 2079. However, because Plaintiff has sufficiently plead facts pertaining to Defendant's alleged nondisclosure of the "presence of dangerous leaks, water intrusion, mold, mildew and/or fungus," and the failure of Defendants to remedy the conditions within the Welk Resort San Diego, Plaintiff has sufficiently plead violations under Sections 1102.6 and 1710 of the California Civil Code. Therefore, because Plaintiff only needs to assert one unlawful violation to state a claim of unlawful business practices under the UCL, the Court **DENIES DEFENDANTS'** motion to dismiss the claims under the unlawful prong of the UCL.

### d. Unfair Practices

Defendants cite the same reasons as stated under the unlawful prong, for Plaintiff's failure to state a claim for which relief may be granted under the unfair prong of the UCL. Under the unfair prong of the UCL, the California Supreme Court has concluded that the word "unfair," in the context of competition, means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech. Comm., Inc*., 20 Cal. 4th at 163. Although the California Supreme Court has yet to define "unfair" in the context of a consumer action, many courts of appeal have held that "an unfair business practice occurs [in a consumer case] when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *Morgan v. AT&T Wireless Servs*., 177 Cal. App.

---

[9] Plaintiff's claim that Defendants' acts were unlawful under the UCL, as they violated Section 1929 of the California Civil Code, are moot, as Plaintiff did not move to contest Defendants' motion to strike any reference to Section 1929.

4th 1235, 1254 (2009); *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 4th 509, 530 (1984), *abrogated on other grounds in Cel-Tech.*, 20 Cal. 4th at 186–87 & n.12; *accord McDonald v. Coldwell Banker*, 543 Fed 498, 506 (9th Cir. 2008).

In the present case, as already stated by Judge Anello's previous order, Plaintiff has successfully stated a claim for relief under the "unfair practices" prong of the UCL. [Doc. No. 57 at 17: 18–19.] Specifically, under the balancing test employed by some courts prior to the holding of the California Supreme Court in *Cel-Tech*, the Plaintiff may be able to prove facts showing "harm to the consumer" based on Defendants alleged failure to disclose the presence of mold, mildew, and fungus within timeshare dwellings at Welk Resort San Diego. Plaintiff may, for example, be able to show that had the Defendants disclosed the condition of the property, Plaintiff and members of the plaintiff class would have elected to purchased timeshare ownership points from another corporation. Furthermore, as the Court has already found the Plaintiff has sufficiently pled enough facts to state a claim under the unlawful prong, Plaintiff's allegations of Defendants unfair practices could be "tethered" any one of the multiple violations of the California Civil Code mentioned above. Accordingly, the Court **DENIES DEFENDANTS'** motion to dismiss the claims under the unfair prong of the UCL.

### e.     Implied Warranty of Habitability

Defendants next contend that Plaintiff has affirmatively plead a "personal property interest only in points," and thus by "admission destroys his claim for breach of the implied warranty of habitability."[10] [Doc. No. 61 at 3–4.] To the contrary, Plaintiff contends that Defendants have positioned themselves much like a landlord, and that purchasing timeshare ownership points is in the nature of a lease. [Doc. No. 62 at 8.] Therefore, Plaintiff alleges that Defendants substantially and unreasonably harmed him by interfering with "his use and enjoyment of the property." [Doc. No. 62 at 7.]

"There is a 'common law implied warranty of habitability in residential leases in California. . . " *Fairchild v. Park*, 90 Cal. App. 4th 919, 924 (2001) (quoting Green v. Superior Court, 10 Cal. 3d. 616, 619 (1974)). A landlord has a "duty to maintain leased premises in a habitable condition during the

---

[10] Defendants rest their argument on a sentence in the Judge Anello's pervious order, in which the Court stated that "at this stage whether the interest sold by Defendants was a real property interest in the nature of a lease or a personal property interest consisting only of points." [Doc. No. 57 at 12.] However, as this Court will clarify, Defendants have misconstrued the Judge Anello's prior order, as Plaintiff is claiming an interest that falls into both categories.

term of the lease." *Green,* 10 Cal.3d at 623. In addition to the common law implied warranty of habitability, a landlord has a "statutory obligation under California Civil Code Section 1941, to keep residential property in a condition fir for [human] occupation, and repair all subsequent dilapidations therefore." *Fairchild*, 90 Cal. App.4th at 925 (quoting CAL. CIV. CODE § 1941).

At this stage in the proceedings, Plaintiff has sufficiently pled that he is the owner of timeshare points, which are in the nature of a lease. In contrast to the contentions of Defendants, when Plaintiff clarified his ownership interest, at the request of the Court's prior order, he did not affirmatively pled solely a personal property interest. On the other hand, Plaintiff has continuously, as stated in the Courts previous order, pled a property interest in the nature of a lease. Moreover, as stated by the court in *Cal-Am*, "membership interests sold by appellant constitute interests in real property" and are the nature of interest is "that of a lease." *See Cal-Am*, 104 Cal. App.3d at 457. Therefore, nothing in the 4AC differed substantially from that stated by the Plaintiff in the TAC, as such, the Court **DENIES DEFENDANTS'** motion to dismiss the implied warranty of habitability claim.

## CONCLUSION

For the reasons mentioned above, the Court **GRANTS** Defendants' motion to strike, and **DENIES** Defendants' motion to dismiss Plaintiff's fourth, fifth, and sixth causes of action in the 4AC.

**IT IS SO ORDERED.**

DATED: June 2, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge