UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMENEGILDO ("JAY") MARTINEZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WELK GROUP, Inc.; WELK RESORT GROUP Inc.; WELK MUSIC GROUP, Inc.; SOLEIL COMMUNICATIONS, Inc.; and DOES 1 through 25,<br><br>Defendants. | Civil No. 09cv2883 AJB (WMc)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. 93] |

Presently before the Court is Counter-Defendant Wade Brent's Motion for Summary Judgment. (Doc. 93.) In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for May 3, 2012 is hereby vacated. For the reasons set forth below, the Court **DENIES** the motion.

**I.**

**BACKGROUND**

This matter is a putative class action brought by Plaintiff Martinez on behalf of a class of timeshare interest owners, alleging that Defendants failed to abate and disclose the presence of mold at the Welk Resort San Diego (the "Resort"). Plaintiff initially purchased Platinum Points from Welk Resort Group, Inc. in 2007, which provided him with the opportunity to stay at Welk resorts around the

world or at any other time-share resort that accepts Platinum Points for vacation stays. (Fourth Amended Complaint filed Feb. 1, 2011 ("4AC"), ¶ 23; Exhibit A to the 4AC, p. 24; Exhibit B to the 4AC, p. 54.)

Mr. Brent is a former employee of Defendants. Although he originally was a named plaintiff representing a class of Defendants' current and former employees, that class no longer exists in the 4AC. He nonetheless remains a party because in September 2010 (when Mr. Brent was still a named plaintiff), Defendant The Welk Group, Inc. ("WGI") filed a counterclaim against him for fraud, conversion, breach of fiduciary duty, breach of the duty of loyalty, and violation of Labor Code section 2854. WGI alleges that as Chief Engineer for the Resort, Mr. Brent delayed and hindered the Resort's mold assessment and abatement efforts by refusing to take reports of water intrusion or mold seriously, and that he also failed to properly retain and oversee mold consultants to assess and remediate conditions at the Resort. (Doc. 38.)

At issue here is the alternative dispute resolution policy ("ADR Agreement") between Mr. Brent and WGI. Mr. Brent signed the ADR Agreement on April 2, 2009 as part of his employment with WGI. The ADR Agreement sets forth specific requirements for proceeding with any claim arising from Mr. Brent's employment.[1] It provides that failure to follow its procedures "shall constitute a waiver of all rights to raise or present any claims in any forum."

## II.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense

---

[1] The procedures set forth in the ADR Agreement require that (1) a written description of the dispute is presented to the Corporate Director of Human Resources within one year of the dispute, date of termination or applicable statute of limitations, whichever is longer; (2) if the dispute is not informally resolved within ten days of receipt of the written description of the dispute, the dispute is submitted to mediation; and (3) if the dispute is not resolved through mediation within 75 days, then the dispute is submitted to arbitration within 30 days of completion of the mediation process.

on which the nonmoving party will bear the burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the nonmoving party would bear the burden of proof at trial, the moving party may satisfy its burden on summary judgment by simply pointing out to the Court an absence of evidence from the nonmoving party. *Miller*, 454 F.3d at 987. "The moving party need not disprove the other party's case." *Id.*

Once the movant has made that showing, the burden shifts to the opposing party to produce "evidence that is significantly probative or more than 'merely colorable' that a genuine issue of material fact exists for trial." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (citing *FTC v. Gill*, 265 F.3d 944, 954 (9th Cir. 2001)); *see also Miller*, 454 F.3d at 988 ("[T]he nonmoving party must come forward with more than 'the mere existence of a scintilla of evidence.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.
## DISCUSSION

Mr. Brent seeks summary judgment of all causes of action contained in WRI's counterclaim against him. Mr. Brent argues that because WGI failed to follow the procedures and requirements delineated in the ADR Agreement before filing its counterclaim, it has waived its right to raise its claims against him.

WGI responds that Mr. Brent's earlier noncompliance with the ADR Agreement excuses WGI's subsequent failure to do the same. It argues that Mr. Brent was the first party to breach the ADR Agreement when he sued WGI and the other Defendants in the initial class action complaint filed in November 2009. Prior to filing the complaint, Mr. Brent did not follow any of the ADR Agreement procedures. He again breached the agreement by filing a wrongful termination lawsuit against WGI in San Diego Superior Court in September 2011. According to WGI, Mr. Brent's noncompliance repudiated the ADR Agreement and thus waived his right to rely upon it as a basis for his summary judgment motion.

The Court agrees with WGI. The following facts are not in dispute: (1) this matter falls squarely within the scope of the ADR Agreement, since it arises out of Mr. Brent's employment with WGI; (2) WGI failed to comply with the ADR Agreement procedures prior to filing its counterclaim; and (3) Mr.

1  Brent failed to comply with the ADR Agreement procedures prior to filing the initial complaint and the
2  subsequent wrongful termination lawsuit. As the initial non-complying party in this case, Mr. Brent
3  cannot establish that WGI breached the ADR Agreement. "A bedrock principle of California contract
4  law is that he who seeks to enforce a contract must show that he has complied with the conditions and
5  agreements of the contract on his part to be performed." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114,
6  1121 (9th Cir. 2008) (internal citations omitted). Breach or repudiation of a contract by one party
7  excuses nonperformance by the other. *Id.* Thus, Mr. Brent's prior nonperformance excuses WGI's
8  subsequent nonperformance. The Court also notes that Mr. Brent could have raised this purported
9  defense earlier in the proceedings—such as in his answer to the counterclaim—but failed to do so.

10     In reply, Mr. Brent suggests that WGI never accepted the repudiation of the ADR Agreement,
11  since it moved to compel arbitration based partly on the ADR Agreement in October 2011, which was
12  after the purported repudiation occurred. Mr. Brent also argues that WGI should be judicially estopped
13  from now asserting that the ADR Agreement is inapplicable. The Court is not convinced. The fact
14  remains that both parties failed to abide by the ADR Agreement, and Mr. Brent breached it first.
15  Further, the Court denied the motion to compel arbitration, and WGI's current position is consistent
16  with that ruling. In its order denying the motion to compel arbitration, the Court pointed to WGI's
17  noncompliance with the ADR Agreement as one of its reasons for denying the motion. (Doc. 89 at 7
18  n.8.)  Here, similarly, Mr. Brent may not seek to enforce the ADR Agreement to his benefit after he
19  violated its terms.

## IV.
## CONCLUSION

For the reasons set forth above, the Court **DENIES** Mr. Brent's motion for summary judgment.

IT IS SO ORDERED.

DATED: April 26, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge