UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMENEGILDO ("JAY") MARTINEZ, an individual on his own behalf and on behalf of all others similarly situated; | Case No. 09CV2883 AJB (WMc) |
| Plaintiff, | **ORDER DENYING IN PART COUNTER-DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | [ECF No. 186.] |
| THE WELK GROUP, INC.; WELK RESORT GROUP INC.; WELK MUSIC GROUP, INC.; SOLEIL COMMUNICATIONS, INC.; and DOES 1 through 25, | |
| Defendants. | |

I. INTRODUCTION

On February 8, 2013, Counter-Defendant Wade Brent filed a motion for protective order to preclude Counter-Claimant, The Welk Group, from questioning him at deposition regarding the contents of an email dated October 5, 2009.[1] [ECF No. 186.]  Following his December 18, 2012 deposition,[2] Brent has not been questioned by Welk about the email at issue and now invokes his

---

[1] The October 5, 2009 email is Exhibit 9 to the December 18, 2012 deposition of Counter-Defendant Wade Brent.  Brent is only invoking the 5th Amendment right against self-incrimination as to the top portion of the October 5, 2009 email which is time stamped 8:14 p.m.  See Gold Decl. at para. 4-8.

[2] Brent attended a day-long deposition in 2010 in his capacity as putative class-representative before District Judge Battaglia granted the Welk Defendants' motion for summary judgment dismissing Plaintiffs' complaint..  See Kenny Decl. at para. 2.

1  Fifth Amendment right to remain silent to prevent counsel for Welk from raising the subject at any

2  future depositions.[3]  *Id.* at 3:16-21; 5:15-18.

3       Welk objects to Brent's invocation of the privilege on the grounds it is overbroad and

4  generalized as well as lacking in statutory support, which raises the issue of whether Brent's concern

5  regarding the possibility of criminal prosecution is objectively reasonable.  [ECF No. 187 at 3:10-

6  25.]  Welk contends Brent's invocation of the right against self-incrimination is frivolous and

7  requests the Court order Brent to pay fees and costs incurred by Welk to respond to his motion.

8       Brent argues despite Welk's objection, he has made an adequate offer of proof to support his

9  Fifth Amendment right to remain silent through the declarations of his lawyer ( a former prosecutor)

10  and himself.  Brent states his invocation of the right was not "blanket" in that he attended his

11  deposition as noticed and answered other questions posed to him that did not implicate the October

12  5, 2009 email.  Brent also contends he should not have to divulge the authority under which he fears

13  prosecution because to do so would undermine the very right against self-incrimination that he seeks

14  to invoke. [ECF No. 188.]

15  **II. STANDARD OF REVIEW**

16       **A.  Protective Order**

17       Under Rule 26 of the Federal Rules of Civil Procedure, a party may move for a protective

18  order to protect a himself from annoyance, embarrassment, oppression, or undue burden or expense.

19  Fed. R. Civ. P. 26c(1).  In its protective order, a Court may forbid disclosure or forbid inquiry into

20  certain matters as well as limit the scope of disclosure to certain matters. Fed. R. Civ. P. 26c(1)(A),

21  (D).  Specifically, under Rule 26c, the Court has "broad discretion ... to decide when a protective

22  order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467

23  U.S. 20, 36 (1984).

24

25

26  [3]On December 18, 2012, Counter-Defendant Wade Brent sat for deposition regarding the counterclaim brought against him by Counter-Claimant, The Welk Group.  After a few hours of testimony, counsel for Brent

27  informed Welk that questions regarding the October 5, 2009 email were attorney-client privileged and barred questions regarding the upper portion of the email at issue.  At a second deposition, conducted on January 25,

28  2013, counsel for Brent informed Welk's counsel that instead of the attorney-client privilege, the Fifth Amendment right against self-incrimination applied to the top portion of the October 5, 2009 email.  *See* Kenny Decl. at para. 2-4.

**B.  Invocation of the Fifth Amendment Privilege**

"The Fifth Amendment 'can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosure which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.'" *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) (per curiam) (quoting *Kastigar v. United States*, 406 U.S. 441, 444-445 (1972) ).  The propriety of invoking the Fifth Amendment privilege depends on whether the risk of prosecution is substantial and real and not merely fanciful." *In re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 883 (D.C. Cir. 1981).  Nevertheless, an assertion of the privilege does not require an imminent criminal prosecution or investigation.  "[T]he right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *In re Master Key Litigation*, 507 F.2d 292, 293 (9th Cir. 1974).  The possibility of prosecution exists where the statute of limitations has <u>not</u> run, or there are no other concrete indications that criminal prosecutions are barred. *Doe v. Glanzer,* 232 F.3d 1258, 1263 (9th Cir. 2000).

**III. DISCUSSION**

In the context of deposition testimony, in order to assert the Fifth Amendment privilege, Brent must answer all questions regarding the upper portion of the October 5, 2009 email that do not pose a risk of self-incrimination. *See e.g. SEC v. Thomas*, 116 F.R.D. 230, 234 n.7 (D.Utah 1987); Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2018 (3d ed.).  Specifically, he may claim the privilege in response to each individual deposition question when he has "reasonable cause" to believe an answer would lead to self-incrimination. *Hoffman v. United States*, 341 U.S. 479, 486 (1951).  Currently, no questions have been asked of Brent as to the upper portion of the October 5, 2009 email.  So while Brent has answered other questions posed to him at his deposition, his invocation of the privilege at this point is an improper "blanket" assertion because he has neither heard, nor answered Welk's specific questions as to the top portion of the October 5, 2009 email. Without a record of Welk's proposed questions and Brent's responses or assertions of the privilege, the Court cannot make a determination at this point about which questions, if any, entitle Brent to claim the privilege.  Moreover, the Court has reviewed the portion of the October 5, 2009 email

3

1  which is time-stamped 8:14 p.m., and it is not apparent from the material what federal criminal

2  statue would be implicated by questioning on the subject.  While it is not necessary for Brent to

3  reveal the criminal statue(s) that may be at issue as Welk suggests,[4] the Court nevertheless must

4  have a record from which to work in order to determine the objective reasonableness of Brent's

5  concerns about the risk of prosecution.  Accordingly, the Court **DENIES IN PART** Brent's motion

6  and orders Brent to appear for deposition regarding that portion of the October 5, 2009 email which

7  is time-stamped 8:14 p.m.   The Court's order does not preclude Brent from claiming the Fifth

8  Amendment privilege during deposition where reasonable cause exists.  *However, Brent must do so*

9  *on a question-by-question basis.*  Once an official record of Brent's deposition has been made, that

10 portion of the deposition transcript addressing the October 5, 2009 email shall be made available to

11 the Court **within ten (10) days**.  Upon receipt of the relevant portions of the deposition transcript,

12 the Court will determine whether Welk's questions pose real, substantial hazards of self-

13 incrimination for Brent.  *See Neff*, 615 F.2d at 1240 (explaining the court can conduct an *in camera*

14 "examination of the questions, their setting, and the peculiarities of the case.").

15       **IT IS FURTHER ORDERED** that Welk's request for Brent to pay the fees and costs it

16 incurred to respond to his motion is **DENIED without prejudice**.  Without a record of the parties'

17 questions and answers, a sanctions award would be unsupported and premature at this time.  *See*

18 Fed. R. Civ. P. 37(a)(5)(A)(iii); 37(a)(5)C.

19       **IT IS SO ORDERED.**

20 DATED:  March 15, 2013

21

22                                              Hon. William McCurine, Jr.

23                                              U.S. Magistrate Judge
                                               United States District Court

24

25

26

27

---

28  [4] *See* Hoffman, 341 U.S. at 486 ("[I]f the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee.").